# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID STROJ (1),<br><br>　　　　　Defendant. | Case No. 15CR2932-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE AND GRANTING DEFENDANT'S SUPPLEMENTAL MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE<br><br>(Doc. Nos. 1137 and 1143.) |

    Pending before the Court is Defendant David Stoj's ("Defendant") motion for early termination of supervised release. (Doc. No. 1137.) The Government opposes the Defendant's motion. (Doc. No. 1139.) The Defendant subsequently filed a supplemental motion requesting the Court to modify the Defendant's supervised release conditions should the Court deny the Defendant's motion for early termination of supervised release. (Doc. No. 1143.) The Government does not oppose the Defendant's supplemental motion to modify the supervised release conditions as an alternative to early termination of supervised release. (Doc. No. 1144.)

    When deciding whether to grant a motion for early termination of supervised release, a district court must apply the standards set forth in Title 18 U.S.C. § 3583(e). United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e).)

-1-

Additionally, Title 18 U.S.C. § 3583(e) requires a district court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether to grant or deny a motion to terminate supervised release. The Defendant argues that early termination of supervised release is warranted because he has demonstrated the ability to be a productive and law-abiding citizen and that it may not be feasible to get permission from his probation officer for emergency travel related to his employment. The Court disagrees. While the Court acknowledges the Defendant's efforts to remain employed and law-abiding, "compliance with release conditions, resumption of employment and engagement of family life[]are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." United States v. Bauer, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (Davila, J.); See also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (Concluding that early termination of supervised release is reserved for rare cases of a defendant's "exceptionally good behavior" while on supervision.). The Defendant speculates that the supervised release conditions will in the future hinder the travel requirements of his new position as a regional manager. However, such speculation does not demonstrate that the supervised release conditions are an obstacle to his employment related travel. See United States v. Smith, No. 2:09-CR-00218-KJD, 2015 WL 3797435, at *1 (D. Nev. June 17, 2015) (Dawson, J.) ("[T]he instant motion… is filled with vague assertions that Defendant's hardships [from travel restrictions] are difficult.[ ] These assertions fail to satisfy Defendant's burden.").

After applying the legal standards set forth in Title 18 U.S.C. § 3583(e) and considering the factors set forth in Title 18 U.S.C. § 3553(a), the Court agrees with the Government and concludes that early termination of supervised release is not warranted at this time. The Court further concludes that continuing the Defendant on supervised release will comport with the factors set forth in Title 18 U.S.C. § 3553(a), including but not limited to deterring the Defendant from future criminal conduct and protecting the public from further crimes of the Defendant. Accordingly, the Court DENIES the

1  Defendant's motion for early termination of supervised release. However, in lieu of
2  early termination of supervised release, the Court GRANTS the Defendant's unopposed
3  supplemental motion to modify the conditions of his supervised release to allow the
4  Defendant to travel outside the Southern District of California upon notice to his
5  probation officer at least 24 hours prior to his travel date.[1] The notice to the probation
6  officer is to include the Defendant's itinerary, the purpose of the travel, and contact
7  information. The Court reserves the right to revoke this modification should the
8  Defendant demonstrate noncompliance with the terms and conditions of his supervised
9  release.
10      The Clerk is directed to send a copy of this order to the United States Probation
11 Office.
12      IT IS SO ORDERED.
13      DATED: October 19, 2021        _____
14                                     HONORABLE MARILYN L. HUFF
                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court GRANTS the Defendant's motion to withdraw his first supplemental motion. (Doc. No. 1142.)